O. L. GREGG and Others v. JOHN H. FRENCH and Others.[1]

February 3, 1897.

Nos. 10,251—(231).

### School District—Award of Funds by County Commissioners.

A division and award of the moneys, funds, and credits of a school district, made by the board of county commissioners under the provisions of the last paragraph of G. S. 1894, § 3674, is governed by the rules applicable to awards made by statutory or common-law arbitrators. Technical precision and definiteness are not required, but there must be no uncertainty as to the intention of the board; and it will not be uncertain where the award sufficiently indicates the means by which the amount thereof may be ascertained, leaving nothing to be done but a ministerial act or an arithmetical calculation.

### Same—G. S. 1894, § 3674, not Complied With.

*Held*, under these rules, that the statute had not been complied with in the purported division and award upon which this action was based.

Action in the district court for Mower county by O. L. Gregg and others, as trustees of School District Number 123 in the county of Mower, against John H. French and others, as trustees of School District Number 23 of said county. A petition for the formation of a new school district to be carved out of districts numbers 22, 23, 24 and 73, having been presented to the board of county commissioners of said county, the board after notice and hearing made an order creating a new district, to be number 123, and also made a division of the moneys, funds and credits of each of the old districts. Afterwards the county auditor served on the treasurer of district number 23 a notice that pursuant to the division and award of the board the amount due district number 123 out of the moneys, funds and credits of school district number 23 was $172.30, and notifying said district to pay said sum into the treasury of Mower county. This action was brought for the recovery of said sum. The case was tried by Whytock, J., who found in favor of plaintiffs. From an order denying a motion for a new trial defendants appealed. Reversed.

[1] Reported in 69 N. W. 1102.

*French & Wright*, for appellants.

Until a division and award is made by the board of county commissioners in accordance with Laws 1891, c. 73, § 1, the plaintiff cannot maintain this action. School Dist. No. 17 v. School Dist. No. 2, 17 Neb. 177, 22 N. W. 360; State v. Graham, 60 Wis. 395, 19 N. W. 359; District Tp. of Troy v. District Tp. of Doyle, 53 Iowa, 667, 6 N. W. 34. The award quoted in the opinion is not such an award as the statute contemplates, and is so indefinite and uncertain as to be void. The commissioners do not award any sum to the new district. They do not find whether there is any indebtedness. They do not find that any certain sum should be credited to the new district or paid by either of the old districts, or what proportion each of the old districts should pay. The award is to be made by the board of county commissioners as a board, and they are to make such division as they deem just and equitable. This cannot be done by their clerk or by any one member of the board. State v. Kidd, 63 Wis. 337, 23 N. W. 705; School Dist. No. 2 of Multnomah Co. v. Lambert, 28 Or. 209, 42 Pac. 221.

*Kingsley & Shepherd*, for respondents.

There is nothing in the objection that the award of the commissioners is indefinite and uncertain, for that is certain which may be made certain. The justice and accuracy of the computation of the county auditor is not questioned.

COLLINS, J. In no event could this action be maintained without showing compliance by the board of county commissioners with the provisions of the last paragraph of G. S. 1894, § 3674, which requires that when changing the boundaries of, or when dividing, a school district, such board

"Shall make a division of all moneys, funds and credits belonging to such district, and shall make an award of such moneys, funds and credits to the districts affected by such change; and in making such award the commissioners shall take into consideration the indebtedness, if any, of the district so divided, and shall make such division as they deem just and equitable."

When the board, July 11, 1893, made its order creating the plaintiff district out of territory which had previously been parts of other

districts, it attempted to make a division and award under the statute in the following words:

"After payment in full of the present outstanding indebtedness, if any, of the old districts affected by the said change, then the portion of the moneys, funds, or credits of each of said old districts, paid in by or realized from assessment or levy against such portions or tracts of land as are detached therefrom by said change, and included in said new district, shall be paid by each of said old districts into the treasury of said county, and placed to the credit of said new district. Said division of the funds, moneys, and credits is to be based upon the assessed valuation per acre of the land in each of said tracts so detached, and the per centum or rate of taxation, assessment, or levy by which said portion of said moneys, funds, or credits was raised or realized."

No other division or award was attempted, but subsequently— just when does not appear—the county auditor, ex officio clerk of the board, made a computation, as he testified, and found the amount due from defendant district to plaintiff district at the sum named in the complaint, and for which judgment was ordered herein.

The question is as to the sufficiency or certainty of this award; the clerk ex officio testifying that the computation was made in accordance with the order of award, taking into consideration, for the purpose of ascertaining the amount to be paid by defendant district, the money in defendant's treasury as reported by its clerk to the superintendent of schools in what is known as the "annual report," made at some time between July 31 and August 10, 1893, several days after the award, and purporting to show the financial condition of defendant district at the end of the school year, July 31.

We are of the opinion that the award in this case was not a compliance with the statute. That part of the proceedings had before the board, designated as the "award," must be more definite and certain than the one at bar seems to have been. It is analogous in its essential features to an award made by statutory or common-law arbitrators, and must be equally as plain and specific. There should be no uncertainty as to the intention of the county board; and, while technical precision and definiteness are not required, the award and division should be expressed in such language as will be understood by plain men acquainted with the subject-matter. An award will not be uncertain when it sufficiently indicates the means by which

the amount thereof may be ascertained, upon the principle that that is certain which may be made certain. So, if nothing remains to be done in order to render it certain and final but a mere ministerial act or an arithmetical calculation, it will be good.

Now, let us test the award and division, as made, by the rules above stated. All present outstanding indebtedness was to be taken into consideration, if there was any. Who was to determine the main fact, and then, if there were outstanding debts, the amount thereof? This was not provided for. And after this matter was disposed of, a proportion of the moneys, funds, and credits of each of the partial districts, paid in by or realized from an assessment or levy on the lands included in the new district, was to be paid into the county treasury by the old districts for the use of the new. The division was to be based upon the assessed valuation of the land per acre in each of the tracts constituting the new district, and the per centum of taxation. Was the assessed valuation of the land and the per centum of taxation to be ascertained from a past valuation and assessment, or from one, or more, to be made in the future? Was this to be determined by the board of county commissioners when in session, or by the auditor after the board had adjourned? Was this the final action of the board designated to make the division and award, or was it intended to be nothing more than a basis for subsequent action, to be taken by the board, when the present outstanding indebtedness of each of the old districts, and the amount of moneys, funds, and credits in the treasury of each, should be determined and the valuation of the land per acre, and the per centum rate of taxation ascertained and reported upon. If this was the final order, and the amounts due to the new district were to be computed by the auditor as clerk ex officio of the board, what is there in the order itself to indicate it, or upon what records or documents was the computation to be made?

Excluding from consideration the suggestion that, from the action of the county board upon which plaintiff bases its right to recover, it does not clearly appear that this was regarded as a final award or division, we are certain that the means by which the amount due was to be ascertained are not provided for, and that something besides a mere ministerial act or an arithmetical calculation was

absolutely essential before the amount could be determined on. The intention of the board was not definitely expressed.

Upon remittitur the court below will determine whether a new trial shall be had, or judgment entered for defendant.    Order reversed.